OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 4, 2002

The Honorable Steven D. Wolens
Chair, House Committee on State Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0560

Re: Whether the Public Information Act provides for sanctions against an electricity market participant for filing with the Office of the Attorney General groundless claims of confidentiality as to its records held by the Public Utility Commission that are requested under the Act (RQ-0536-JC)

Dear Representative Wolens:

Pursuant to the Texas Public Information Act, TEX. GOV'T CODE ANN. ch. 552 (Vernon 1994 & Supp. 2002) (the "Act"), you asked the Texas Public Utility Commission (the "PUC") for information in a PUC study on possible manipulation of the wholesale electricity market by six participants in the market.[1] In connection with this matter, you state that some of the information submitted to this office for review under the Act appears to be in the public domain, and you ask whether the Act provides sanctions against an electricity market participant for filing groundless and frivolous claims of confidentiality with the Office of the Attorney General solely to impede public disclosure of such information. See Request Letter, supra note 1, at 7. The Act does not provide sanctions against a third party for filing "groundless and frivolous claims of confidentiality solely to impede public disclosure of . . . information." See TEX. GOV'T CODE ANN. ch. 552 , subchs. H-I (Vernon 1994 & Supp. 2002) (providing respectively for civil and criminal enforcement); Request Letter, supra note 1, at 7.

The PUC study looked into possible manipulation of the recently restructured wholesale electricity market within the Electric Reliability Council of Texas ("ERCOT"). With the exception of certain utilities operating in outlying regions of the state, most of Texas' electric utilities have voluntarily interconnected their transmission systems, forming a single main power grid known as the Electric Reliability Council of Texas, or "ERCOT." See Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd., 53 S.W.3d 310, 312 (Tex. 2001); ERCOT web site, available at http://www.ercot.com/AboutERCOT/ (last visited July 19, 2002). The ERCOT grid covers most of the geographic area of the state. See Pub. Util. Comm'n, 53 S.W.3d at 312;

---

[1]Letter from Honorable Steven Wolens, Chairman, House Committee on State Affairs, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Apr. 10, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

http://www.ercot.com/AboutERCOT/Operations/Index.htm (last visited July 19, 2002). ERCOT is also the nonprofit corporation that administers the transmission of electricity over this main interconnected grid. *See* TEX. UTIL. CODE ANN. § 39.151 (Vernon Supp. 2002); http://www.ercot.com/AboutERCOT/Overview.htm (last visited July 19, 2002). ERCOT administers a system of balancing charges and payments to help prevent congestion over the grid. *See* Request Letter, *supra* note 1, at 1; *see also* Public Utility Commission of Texas, Project No. 25755, Workshop May 1, 2002, Revised Agenda, *available at* http://www.puc.state.tx.us/electric/projects/25755/050102agenda (last visited July 9, 2002). Market participants received payments for decreasing their electricity generation when the transmission system was congested, and the study considered whether certain market participants that received large payments had overstated their proposed electricity production. *See* Request Letter, *supra* note 1, at 1.

In responding to your request, the PUC withheld certain information that you believed to be public, such as the names of the market participants identified in the report as possibly manipulating the wholesale market. *See id.* at 2. The PUC indicated that it could not release those names as long as the market participants' claims of confidentiality remained unresolved. *See id.* We understand that the names were released, as was certain other information, and that the rest of the information was addressed by this office in an Open Records Letter. *See* Open Records Letter No. OR2002-3094 (2002).

We consider whether the Public Information Act provides for sanctions against an electricity market participant for filing groundless and frivolous claims of confidentiality solely to impede public disclosure of information. In addressing your question, we express no opinion as to whether any claim of confidentiality is groundless and frivolous. Whether a claim of confidentiality is made in good faith, or is groundless, frivolous, and made solely to delay disclosure of public information, involves questions of fact that cannot be resolved in an opinion of this office. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0328 (2001) at 6, JC-0285 (2000) at 5, n.2.

The information that you requested from the PUC concerned certain electricity market participants. The Public Information Act includes a procedure whereby third parties, such as the electricity market participants in this case, may protect their privacy or property interests in records that are in the custody of a governmental body. If information is requested under the Act "and a person's privacy or property interests may be involved," including an interest in a trade secret or commercial or financial information as defined by section 552.110 of the Government Code, "a governmental body may decline to release the information for the purpose of requesting an attorney general decision." TEX. GOV'T CODE ANN. § 552.305(a) (Vernon Supp. 2002). A person whose interests may be involved in the information, or any other person, "may submit in writing to the attorney general the person's reasons why the information should be withheld or released," and "[t]he governmental body may, but is not required to, submit its reasons why the information should be withheld or released." *Id.* § 552.305(b)-(c).

Subchapter H of Government Code chapter 552 provides for civil enforcement of the Public Information Act and subchapter I provides for criminal enforcement. *See id.* §§ 552.321-.323,

.351-.353. The judicial proceedings authorized by these provisions will ordinarily include a decision as to the validity of claims that information is confidential, but these provisions do not authorize sanctions for a frivolous or unfounded claim that information is excepted from disclosure to the public. *See id.* §§ 552.321 (Vernon 1994 & Supp. 2002) (suit for writ of mandamus compelling a governmental body to make information available for public inspection); .3215 (Vernon Supp. 2002) (suit for declaratory judgment or injunctive relief against governmental body by person who claims to be the victim of a violation of the Act); .324 (Vernon Supp. 2002) (suit by a governmental body challenging a decision by attorney general); .352 (Vernon 1994) (criminal offense of distributing confidential information); .353 (Vernon 1994 & Supp. 2002) (criminal offense of failure to provide access to or copying of public information).

An attorney fee provision does require a court to consider the good faith of an officer who seeks to withhold information requested under the Act. In an action brought by an officer for public information under section 552.353(b)(3) to seek relief from compliance with a decision of the attorney general that information is public, "the court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails." *Id.* § 552.323(b) (Vernon Supp. 2002). "In exercising its discretion under this subsection, the court shall consider whether the conduct of the officer for public information of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith." *Id.* A finding that the officer made groundless and frivolous claims of confidentiality would certainly be relevant to the court's decision about attorney fees.

The Act does not provide any administrative sanctions against a third party that files groundless and frivolous claims of confidentiality with the Office of the Attorney General to delay the public disclosure of information. In contrast, certain administrative agencies have express authority to sanction a party for raising a frivolous or groundless claim in other contexts. The Texas Ethics Commission has authority to hear and render decisions on sworn complaints filed by an individual and alleging that a person has violated a rule adopted by or a law administered and enforced by the commission, and it "may impose a civil penalty of not more that $10,000 for the filing of a frivolous or bad-faith complaint." *Id.* § 571.176(a) (Vernon 1994); *see id.* §§ 571.121-.122. A "frivolous complaint" is "a complaint that is groundless and brought in bad faith or is groundless and brought for the purpose of harassment." *Id.* § 571.176(a). An administrative law judge employed by the State Office of Administrative Hearings ("SOAH") may issue orders imposing sanctions. *See id.* § 2003.042(a)(4) (Vernon Supp. 2002). A SOAH judge "after notice and an opportunity for a hearing, may impose appropriate sanctions . . . against a party or its representative" for filing a motion or pleading that is groundless and brought in bad faith, for the purpose of harassment, or for any other improper purpose, such as to cause unnecessary delay or needless increase in the cost of the proceeding. *Id.* § 2003.0421(a) (Vernon 2000). *See id.* § 2003.0421(b) (sanctions that may be imposed); *see also* TEX. LAB. CODE ANN. § 402.092(a), (e) (Vernon 1996) (information in Workers' Compensation Commission investigation files is confidential, but, commission, upon request, shall disclose identity of complainant if it finds the complaint was among other things groundless or frivolous). The legislature has thus expressly authorized certain administrative agencies to impose sanctions on a party that makes a frivolous and unfounded claim in connection with specific matters under the agency's jurisdiction.

However, the Public Information Act is silent as to such sanctions in the context of open records determinations. The legislature has not authorized any agency, including the Office of the Attorney General, to impose sanctions on a third party for filing "groundless and frivolous claims of confidentiality solely to impede public disclosure of information" under the Act. Accordingly, the Act does not provide for the sanctions you inquire about.

## S U M M A R Y

The legislature has not authorized any agency, including the Office of the Attorney General, to impose sanctions pursuant to the Public Information Act on a third party for filing "groundless and frivolous claims of confidentiality solely to impede public disclosure of information."

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee